IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL LUIS GARCIA ESPINAL ) | |
|     Petitioner, ) | Case No.: 26-1039 |
|     v. ) | Agency No. A240-392-544 |
| **Garrett J. Ripa,** Miami Field Office Director, Enforcement and Removal Operations (ICE/ERO); **Todd Lyons**, Acting Director U.S. Immigrations Customs Enforcement; **Kristi Noem**, Secretary of Homeland Security; **Pamela Bondi,** Attorney General of the United States, ) ) ) ) ) ) ) | EXPEDITED HEARING REQUESTED |
|     Respondents, ) | |

WRIT OF HABEAS CORPUS

TO THE HONORABLE COURT:

COMES NOW Petitioner ANGEL LUIS GARCIA ESPINAL through the undersigned attorney and respectfully states and prays as follows:

## INTRODUCTION

1. Petitioner Angel Luis Garcia Espinal is a citizen and national of the Dominican Republic, who entered the United States without being inspected or paroled on or about *October 18, 2008,* and has been living in Puerto Rico, since then.

2. After his entry Mr. Garcia Espinal married a USC and she filed a Petition for Alien relative with the United States Citizenship and Immigration Services (USCIS), that is currently pending.

3. Based on his length of residence, family relationships, and absence of disqualifying conduct, Petitioner is prima facie eligible to pursue Cancellation of Removal under INA §240A(b), should removal proceedings continue.

4. Petitioner was detained during a non-violent enforcement operation, while briefly leaving his residence to transport his daughters. At the time of the detention, Respondent's U.S. citizen spouse was present at the family home.

5. Petitioner has no criminal history, poses no danger to the community, and does not present a flight risk. He has resided in the United States for well over a decade, maintains stable family and community ties, and has no history of failing to comply with immigration authorities.

6. Petitioner further submits that continued detention is not necessary to ensure his appearance and is disproportionate under the circumstances. Petitioners have a responsible co-sponsor/custodian, committed to ensuring Petitioner's appearance at all immigration court hearings and compliance with any conditions of release, should bond or recognizance be granted.

7. Continued detention is not necessary to effectuate the purposes of the immigration laws and imposes an unnecessary financial burden on the federal government, where less restrictive alternatives, including recognizance or minimal bond, are sufficient to ensure Respondent's appearance.

8. Petitioner respectfully represents that, if released, he will appear at all hearings and comply with all conditions imposed.

9.      Despite all positive factors Respondent illegally have DENIED Petitioner an opportunity for a BOND hearing before an Immigration Judge, alleging that he is detained under **8 U.S.C. §§ 1225**, which, in their view, <u>mandates detention</u>, Mr. García States asserts that his detention by Immigration and Customs Enforcement ("ICE") violates his due process rights and seeks his immediate release since he is detained under 8 U.S.C. 1226. The respondent's interpretation of the status under which Garcia is detained has been contradicted by multiple federal District Court in the First Circuit. We will Further explain.

## JURISDICTION

10.     This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

## VENUE

11.     Venue is proper as up today, the Petitioner resides and is detained in Aguadilla Detention Center Puerto Rico, under the authority of this court. "For core **habeas** petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004). Whether an individual is in "custody" is determined at the time of the habeas petition is filed. *Spencer v. Kemna 523 U.S. 1, 7(1998)* Federal district courts have jurisdiction to hear habeas claims by noncitizens challenging the lawfulness or constitutionality of DHS conduct. Federal courts are

not stripped of jurisdiction under 8 U.S.C. § 1252.  See e.g., Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## REQUIREMENTS OF 28 U.S.C. § 2241, 2243

12. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id. (emphasis added).

13. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

14    Petitioner has been in the United States **over 20 years**.

15. Respondent **Garret J Ripa** is Miami Field Office Director for U.S. Immigration and Customs Enforcement, overseen Puerto Rico's Immigration and Removal Operations ICE Office in Guaynabo and ERO Aguadilla Detention Facility and is **Petitioner's custodian.**

16. Respondent **Todd Lyons** is the Acting Director for U.S. Immigration and Customs Enforcement.

17. Respondent **Kristi Noem** is the Secretary of the Department of Homeland Security (DHS) and has authority over the actions of all other DHS Respondents in this case, as well as all operations of DHS. Respondent Noem is a legal custodian of Petitioner and is charged with faithfully administering the immigration laws of the United States.

18. Respondent **Pamela Bondi** is the Attorney General of the United States, and as such has authority over the Department of Justice and is charged with faithfully administering the immigration laws of the United States.

19. Respondent U.S. Immigration Customs Enforcement is the federal agency responsible for custody decisions relating to non-citizens charged with being removable from the United States, including the arrest, detention, and custody status of non-citizens.

20. Respondent U.S. Department of Homeland Security is the federal agency that has authority over the actions of ICE and all other DHS Respondents. 20. This action is commenced against all Respondents in their official capacities.

21. All respondents are named in their official capacities.

## STATEMENT OF FACTS

22. Petitioner Garcia-Espinal is a citizen and national of the Dominican Republic. Petitioner entered the United States without being inspected or paroled on or about *October 18, 2008* and has been living in Puerto Rico, since then.

19. On September 1, 2022, Petitioner's wife filed a Petition for Alien relative with the United States Citizenship and Immigration Services (USCIS), that is still pending.

20. O**n January 9, 2026**, Petitioner was arrested by Immigration and Customs Enforcement Agents at his place of work, and as up today, **January 22, 2026,** he is currently detained at the Immigration and Customs Enforcement Aguadilla Puerto Rico Detention Facility.

21. Petitioner respectfully states that he was not detained at the border, and has been in the USA for **16 years** and that due to the length of time in the USA , a person detained under 8 U.S.C. § 1226(a)[1], must, upon his request, receive a custody

---

[1] 8 U.S.C. §§ 1225 and 1226 are the two provisions of the Immigration and Nationality Act ("INA") that principally govern the removal of noncitizens. Gomes v. Hyde, No. 1:25-cv-11571-JEK, 2025 U.S. Dist. LEXIS 128085, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025). Section 1225(b) applies to "applicants for admission," who are noncitizens "present in the United States who [have] not been admitted." Id. (quoting 8 U.S.C. § 1225(a)(1)). Sometimes referred to as the "mandatory detention statute," this provision requires the Government to detain noncitizens pending their removal from the United States "if the examining immigration officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Chiliquinga Yumbillo v. Stamper, No. 2:25-cv-00479-SDN, 2025 U.S. Dist. LEXIS 192600, 2025 WL 2783642, at *2 (D. Me. Sept. 30, 2025) (quoting 8 U.S.C. § 1225(b)(2)(A)).

By contrast, Section 1226(a) applies to noncitizens "already in the country pending the outcome of removal proceedings." Gomes, 2025 U.S. Dist. LEXIS 128085, 2025 WL 1869299, at *2 (quoting Jennings v. Rodriguez, 583 U.S. 281, 289, 138 S. Ct. 830, 200 L. Ed. 2d 122 (2018) It is referred to as the "discretionary detention statute" because it permits—but does not require—the Government to arrest and detain a noncitizen "[o]n a warrant issued by the Attorney General" or their designees. Rodriguez v. Bondi, No. 25-cv-406-JJM-PAS, 2025 U.S. Dist. LEXIS 201075, 2025 WL 2899769, at *1 (D.R.I. Oct. 10, 2025). The Government then may either continue to detain the noncitizen or release them on bond of at least $1,500 or conditional parole. Id. (citing 8 U.S.C. §§ 1226(a)(1)-(2)).

The Fifth Amendment's Due Process Clause entitles a noncitizen detained pursuant to the discretionary detention statute to seek review of their detention decision at a bond hearing (also known as a "custody redetermination hearing") before an IJ. Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). At that hearing, the Government bears the burden of proving either: (1) "by clear and convincing evidence that [the noncitizen] poses a danger to the community" or (2) "by a preponderance of the evidence that [the noncitizen] poses a flight risk." Id. If the Government fails to meet this burden, then bond or conditional parole must be granted. Rodriguez, 2025 U.S. Dist. LEXIS 201075, 2025 WL 2899769, at *1 (citing Gomes, 2025 U.S. Dist. LEXIS 128085, 2025 WL 1869299, at *2; Bermeo Sicha v. Bernal, No. 1:25-cv-00418-SDN, 2025 U.S. Dist. LEXIS 169007, 2025 WL 2494530, at *4 (D. Me. Aug. 29, 2025)). If, however, the Government does meet its burden and the IJ determines that the noncitizen must remain in custody, then the noncitizen may appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). Id. (citing 8 C.F.R. §§

redetermination hearing (colloquially called a 'bond hearing') with strong procedural protections.

22. With an immigration remedy available before the Immigration Court, the respondents have not release on bond Mr. García since it is the position of the respondent is a mandatory detention under 8 USC 1225 and that an Immigration Judge have no authority over Garcia's Bond request., under *Matter of Yajure Hurtado 29 I&N Dec 215(BIA 2025)* .

23. Mr. Garcia respecfully states that BIA's decision in Matter of Yajure Hurtado, is not binding on this court and that this court "must exercise independent judgment in determining the meaning of statutory provisions." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 394, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024).

24. The Yajure decision is contrary to US district courts uniform approach to interpreting 8 U.S.C. §§ 1225 and 1226. See decision in Doe v. Moniz, F. Supp. 3d , 2025 U.S. Dist. LEXIS 173360, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), at *5 (collecting cases).

25. Multiple *district courts within the First Circuit* have recently noted in rejecting the BIA's reasoning in Matter of Yajure Hurtado, that the decision is inconsistent with other BIA decisions and with decades of the Department of Homeland Security's practice. See [Elias] Escobar v. Hyde, Civil Action No. 25-cv-12620-IT, 2025 U.S. Dist. LEXIS 196284, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); *Moreira Aguiar v. Moniz,*

---

1003.19(f), 1003.38).

Page 7

25-cv-12706, 2025 WL 2987656 (D. Mass. Oct. 22, 2025); *Tomas Elias v. Hyde*, 25-cv-540, 2025 WL 3004437 (D.R.I. Oct. 27, 2025); *Rodriguez v. Nessinger*, 25-cv-505, 2025 WL 3306576 (D.R.I. Oct. 17, 2025); *Los Caballero v. Baltazar*, 25-cv-3120, 2025 WL 2977650 (D. Co. Oct. 22, 2025); *Barco Mercado v. Francis*, 25-cv-6582, 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025); Maza v. Hyde, Civil Action No. 25-cv-12407-IT, -- F. Supp. 3d --, 2025 U.S. Dist. LEXIS 205956, 2025 WL 2951922 (D. Mass. Oct. 20, 2025); Chogllo Chafla v. Scott, 2025 U.S. Dist. LEXIS 184909, 2025 WL 2688541, at *7-S8 (D. Me. Sept. 22, 2025); Sampiao v. Hyde, F. Supp. 3d , 2025 U.S. Dist. LEXIS 175513, 2025 WL 2607924, at *8 n.11 (D. Mass. Sept. 9, 2025); Jimenez v. FCI Berlin, Warden, F. Supp. 3d , 2025 U.S. Dist. LEXIS 176165, 2025 WL 2639390, at *10 n.9 (D.N.H. Sept. 8, 2025).

26.     Mr. Gracia-Espinal respectfully asks that the Honorable Court order that Mr. Garcia-Espinal NOT be transferred from Puerto Rico, and to either order a Bond Hearing forthwith or that this court conducts the bond hearing.

<u>CLAIMS FOR RELIEF</u>

**PETITIONER'S DETENTION WITHOUT A BOND HEARING VIOLATES PROCEDURAL DUE PROCESS**

27.     Petitioner re-alleges and incorporates each and every allegation contained in the preceding paragraphs as if set forth fully herein.

28.     Mr. Garcia-Espinal alleges that he is detained without a bond, under *Matter of Yajure Hurtado* 29 I&N Dec. 216 (BIA 2025) concluding that immigration judges lack jurisdiction to conduct bond hearings or grant bond to individuals who are present without admission, such as Mr. Garcia Espinal.

29. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V. All people within the territorial bounds of the United States enjoy due process rights, regardless of citizenship. See e.g., Mathews v. Diaz, 426 U.S. 67, 77 (1976) ("[T]here are literally millions of [noncitizens] within the jurisdiction of the United States…[and] the Fifth Amendment…protects every one of these persons.") (internal quotation marks omitted); Yick Wo v. Hopkins, 118 U.S. 356, 368-69 (1886). These protections apply equally to non-citizens facing deportation proceedings. Demore v. Kim, 538 U.S. 510, 523 (2003); see also Zadvydas, 533 U.S. at 72 ("[B]oth removable and inadmissible [non-citizens] are entitled to be free from detention that is arbitrary and capricious.") (Kennedy, J., dissenting).

30. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" that the Due Process clause protects. Zadvydas, 533 U.S. at 690. Due process thus requires "adequate procedural protections" to ensure that the government's asserted justification for incarceration "outweighs the individual's constitutionally protected interest in avoiding physical restraint." Id. at 690. Individuals with prior removal orders are entitled to procedural safeguards against prolonged detention. See Padilla-Ramirez v. Bible, 882 F.3d 826, 830 (9th Cir. 2017) (citing Diouf v. Napolitano, 634 F.3d 1081, 1084 (9th Cir. 2011).

31. Mr. Garcia-Espinal has filed a Motion for Bond in order to comply with exhaustion requirements.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter;

2. *Issue an immediate order preventing Petitioner's transfer or transportation outside the District of Puerto Rico*;

3. Issue an Order to Show Cause requiring Respondents to justify why this Petition should not be granted within three days;

4. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

5. Issue a Writ of Habeas Corpus ordering Petitioner's release.

6. Award attorney's fees and costs under the Equal Access to Justice Act and any other justified legal basis.

7. Grant any further relief the Court deems just and proper.

At San Juan, Puerto Rico, January 22, 2026

RESPECTFULLY SUBMITTED,

s/ RAYMOND L. SÁNCHEZ MACEIRA
USDC: 211405
COUNSEL FOR DEFENDANT
PO BOX 191972
SAN JUAN, PR 00919
TEL. 721-3370/FAX 721-4706
sanchezlaw264@gmail.com

VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Angel Luis Garcia-Espinal and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 22 day of January 2026.

s/ RAYMOND L. SÁNCHEZ MACEIRA
USDC: 211405