IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL LUIS GARCIA ESPINAL,<br><br>**Plaintiff**<br><br>vs.<br><br>**Garrett J. Ripa**, Miami Field Office Director, Enforcement and Removal Operations (ICE/ERO); **Todd Lyons,** Acting Director U.S. Immigrations Customs Enforcement; **Kristi Noem,** Secretary of Homeland Security; **Pamela Bondi,** Attorney General of the United States,<br>Respondents, | CIVIL NO. 26-1039<br><br>Agency no.: A240-392-544<br><br>EXPEDITED HEARING REQUESTED |

MOTION REQUESTING ISSUANCE OF AN ORDER TO SHOW CAUSE

HON. GINA R. MENDEZ-MIRO
US DISTRICT COURT JUDGE

COMES NOW the Petitioner through the counsel and respectfully states and prays as follows:

1. The Petition for Habeas Corpus has been formally served to the three primary respondents today. (ECF# 6)

2. Pursuant to 28 U.S.C. § 2243, Petitioner respectfully requests that this Court issue an order directing Respondents to show cause why the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241 should not be granted.

3.     Petitioner challenges his detention by federal immigration authorities as illegal and in violation of the US Constitution. See Petition for Writ of Habeas Corpus, Dkt. No. 1. Also, that his detention without a Bond Hearing is illegal, (Id)

4.     Today, the immigration judge denied bond because he understands that he has no jurisdiction under *See Matter of Yajure Hurtado, 29 I&N Dec. 216, 220-28 (BIA 2025)*. **(Attachment 1)** This position has been consistently reject by multiple district court judges in the first Circuit: *See, e.g., Elias Escobar*, 2025 WL 2823324; *Moreira Aguiar v. Moniz*, 25-cv-12706, 2025 WL 2987656 (D. Mass. Oct. 22, 2025); *Tomas Elias v. Hyde*, 25-cv-540, 2025 WL 3004437 (D.R.I. Oct. 27, 2025); *Rodriguez v. Nessinger*, 25-cv-505, 2025 WL 3306576 (D.R.I. Oct. 17, 2025); *Los Caballero v. Baltazar*, 25-cv-3120, 2025 WL 2977650 (D. Co. Oct. 22, 2025); *Barco Mercado v. Francis*, 25-cv-6582, 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025).

5.     The federal habeas corpus statute provides that "[a] court, justice or judge entering a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

6     Section 2243 further provides that the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

7     Section 2243 further provides that the court shall hold a hearing on the writ or order to show cause "not more than five days after the return unless for good cause additional time is allowed."

8.	In addition, Section 2243 states that the court "shall summarily hear and determine the facts and dispose of the matter as law and justice require."

9.	Pursuant to Section 2243, Petitioner requests that the Court immediately issue an Order to Show Cause directing Respondents to file a return within three days of the Court's order, showing cause, if any, why the writ of habeas corpus should not be granted, and to provide Petitioner an opportunity to file a reply within 3 days after Respondents file the return.

9	Giving Respondents additional time to respond is inappropriate in this case because, Petitioner faces irreparable harm due to his deprivation of his physical liberty, absent issuance of a show cause order.

**WHEREFORE,** the Petitioner respectfully request this Court to forthwith issue an order directing Respondents to show cause why the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241 should not be granted.

In San Juan, Puerto Rico, January 14, 2026

RESPECTFULLY SUBMITTED,

s/ RAYMOND L. SÁNCHEZ MACEIRA
USDC: 211405
COUNSEL FOR PETITIONER
PO BOX 191972
SAN JUAN, PR 00919
TEL. 721-3370/FAX 721-4706
sanchezlaw264@gmail.com